


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCOS ARAUJO-CORREA,
          Plaintiff,

    Case No. 08 CIV 6159

    -vs.-

CARL RUSSO, MARIA VIRGINIA
SANABRIA ZABALA and EMPIRE
MAINTENANCE SERVICES, INC.,
          Defendants.
------------------------------------------------------------x

    Plaintiff, MARCOS ARAUJO-CORREA, as and for his complaint, respectfully alleges as follows against the defendants and each of them, upon information and belief:

### THE PARTIES

1. The plaintiff is an individual residing at 117 Dale Avenue, Ossining, New York.

2. Upon information and belief, the defendant CARL RUSSO (hereinafter "RUSSO") is an individual residing at 2 Donald Lane, Ossining, New York 10562.

3. Plaintiff alternatively alleges that the defendant RUSSO is an individual residing at 335 NE 29th Street, Boca Raton, Florida 33431.

4. Upon information and belief, the defendant MARIA VIRGINIA SANABRIA

ZABALA (hereinafter "SANABRIA"), is an individual residing at 2 Donald Lane, Ossining, New York 10562.

5. Plaintiff alternatively alleges that the defendant SANABRIA is an individual residing at 335 NE 29th Street, Boca Raton, Florida 33431.

6. The defendant EMPIRE MAINTENANCE SERVICES, INC., (hereinafter "EMPIRE"), is a corporation organized according to the laws of the State of New York with its principal place of business located at 111 North Central Avenue, Suite 465, Hartsdale, New York 10530.

7. EMPIRE is an enterprise engaged in commerce.

8. Upon information and belief, EMPIRE had gross receipts in excess of $500,000 for the years 2005 through 2008, inclusive.

9. In the course of his duties, plaintiff was engaged in handled products which had been moved in commerce.

### JURISDICTION AND VENUE

10. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the

United States, specifically, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.., and plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Article 6 of the Labor Law and 12 NYCRR § 142-2.2.

11. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as each of the defendants reside within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

12. During the period between February of 2003 and February 3, 2008, the plaintiff was employed by the defendant EMPIRE.

13. In the course of said employment, the plaintiff worked cleaning various commercial establishments, which establishments, upon information and belief, had contracts with his said employer.

14. During the calendar year 2006 and all subsequent years, the plaintiff's regular rate of pay was $8 per hour.

15. In the calendar year 2008, he worked 17 hours which were in excess of 40 hour

work weeks.

16. In calendar year 2006, he worked 1,194 hours which were in excess of 40 hour work weeks.

17. During the calendar year 2005 and all preceding years, the plaintiff's regular rate of pay was $7 per hour.

18. During the calendar year 2005, plaintiff estimates, from the available data, that he worked 248 hours which were in excess of forty hour work weeks.

19. During the calendar year 2004, plaintiff estimates, upon information and belief, that he worked 1,194 hours which were in excess of forty hour work weeks.

20. During the calendar year 2003, plaintiff estimates, upon information and belief, that he worked 1,094 hours which were in excess of forty hour work weeks.

21. The plaintiff was never compensated at any rate greater than his regular rate of pay at any time herein pertinent.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM

22. The plaintiff hereby incorporates all preceding paragraphs of this complaint with

the same force and effect as if fully set forth at length.

23. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

24. The hours plaintiff worked for EMPIRE, in excess of 40 hour work weeks, during the three year period preceding the filing of this complaint, were as follows: 17 hours during calendar 2008, 736 hours during 2007, 1,194 hours during 2006, and such hours are estimated, from available data, at 103 hours during calendar year 2005.

25. Plaintiff was and is entitled to payment at one and a half times his regular rate for all of the hours aforesaid pursuant to 29 U.S.C. § 207, but was paid for all such time at his regular rate.

26. Plaintiff therefore worked a total of 1,947 during 2006, 2007 and 2008, while his regular rate was $8 per hour, and 103 hours during the portion of 2005 within the 3 year period preceding the filing of this complaint, while his regular rate was $7 per hour, and has therefore been underpaid $8.148.00.

27. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to an additional $8,148.00 as liquidated damages, together with reasonable attorney's fees and costs.

28. Pursuant to 29 U.S.C. § 203(d), the defendant RUSSO, at all times herein pertinent, acted directly or indirectly in the interest of an employer in relation to the employees in general, and the plaintiff in particular.

29. Pursuant to 29 U.S.C. § 203(d), the defendant SANABRIA, at all times herein pertinent, acted directly or indirectly in the interest of an employer in relation to the employees in general, and the plaintiff in particular.

30. By virtue of 29 U.S.C. § 206(b), the defendants RUSSO and SANABRIA are employers, and are liable for all sums awarded to plaintiff pursuant to this cause of action.

## AS AND FOR A SECOND CAUSE OF ACTION
## STATE MINIMUM WAGE ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM

31. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

32. The hours plaintiff worked for EMPIRE, in excess of 40 hour work weeks, were as follows: 17 hours during calendar 2008, 736 hours during 2007, 1,194 hours during 2006, and are estimated, from available data, to be 248 hours during 2005, and estimated, upon information and belief, to be 1,194 hours in 2004 and 1,094 in 2003.

33. Pursuant to §§ 650 et seq. of the New York State Labor Law and 12 NYCRR §

142-2.2, plaintiff was required to be paid time and a half for overtime as provided in the Fair Labor Standards Act.

34. Plaintiff worked a total of 1,947 during 2006, 2007 and 2008, while his regular rate was $8 per hour, and a total of 2,536 hours during 2005, 2004 and 2003, while his regular rate was $7 per hour, and has therefore been underpaid $16,664.00.

35. The violations of New York State law herein complained of were willful.

36. Pursuant to Labor Law § 198 (1-a), plaintiff is entitled to an additional $4,166.00 as liquidated damages, together with reasonable attorney's fees.

37. At all times herein pertinent, the defendant RUSSO acted as an employer pursuant to Labor Law § 651(6).

38. At all times herein pertinent, the defendant SANABRIA acted as an employer pursuant to Labor Law § 651(6).

39. The defendant RUSSO is, upon information and belief, and at all times herein pertinent was, one of the ten largest shareholders of the defendant EMPIRE.

40. The defendant SANABRIA is, upon information and belief, and at all times herein pertinent was, one of the ten largest shareholders of the defendant EMPIRE.

41. On or about and between June 13, 2008 and July 2, 2008, prior to the commencement of this action, and within 180 days of the termination of the services which form the basis of this complaint, written notice was sent to the defendant RUSSO of the plaintiff's intention to hold him liable pursuant to Business Corporations Law § 630.

42. On or about and between June 13, 2008 and July 2, 2008, prior to the commencement of this action, and within 180 days of the termination of the services which form the basis of this complaint, written notice was sent to the defendant SANABRIA of the plaintiff's intention to hold her liable pursuant to Business Corporation Law § 630.

43. By virtue of the foregoing, defendants RUSSO and SANABRIA are jointly and severally liable for all sums which the plaintiff is awarded.

44. Should RUSSO and SANABRIA deny that they are personally liable pursuant to Business Corporation Law § 630, an actual controversy will exist. If this Court should find that the return of an unsatisfied judgment against EMPIRE is a condition precedent to the imposition of shareholder liability pursuant to BCL § 630, plaintiff alternatively prays for a declaration of such liability, but for the return of unsatisfied judgment, pursuant to 28 U.S.C. § 2201 and F.R.C.P. Rule 57.

WHEREFORE, plaintiff prays judgment:

Upon the First Cause of Action, against the defendants, and each of them, in the sum of $16,296.00, plus attorney's fees, costs, and interest from the date of accrual, as applicable, of the principal unpaid sum; and

Upon the Second Cause of Action, against the defendants, and each of them, in the sum of $20,830.00, plus attorney's fees, and interest from the date of accrual, as applicable, of the principal unpaid sum, and in the event judgment is awarded against the corporate defendant but not against the individual defendants upon this Cause of Action, plaintiff alternatively prays for a declaration of the liability of the individual defendants pursuant to 28 U.S.C. § 2201 and F.R.C.P. Rule 57, and further prays that this Court retain jurisdiction after the entry of judgment pursuant to 28 U.S.C. § 2202, for further necessary or proper post-judgment relief based on such declaratory judgment.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
William Cafaro (WC2730)
Attorneys for Plaintiff
MARCOS ARAUJO-CORREA
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 90031

To:

CARL RUSSO and MARIA VIRGINIA
SANABRIA ZABALA
335 NE 29th Street
Boca Raton, Florida 33431

EMPIRE MAINTENANCE SERVICES, INC.
111 North Central Avenue, Suite 465
Hartsdale, New York 10530